Filing # 45506280 E-Filed 08/22/2016 01:33:42 PM

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of the Court for the purpose of reporting judicial workload data pursuant to Florida Statutes section 25.075.

**I.     CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>THIRTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>HILLSBOROUGH</u>   COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>Barbara Hernandez</u>
Plaintiff
                vs.
<u>Rebecca Geise</u>
Defendant

**II.     TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999
  - ☐ Non-homestead residential foreclosure $250,00 or more

- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☒ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

III.     **REMEDIES SOUGHT** (check all that apply):
        ☒  Monetary;
        ☒  Non-monetary
        ☒  Non-monetary declaratory or injunctive relief;
        ☐  Punitive

IV.     **NUMBER OF CAUSES OF ACTION: (     )**
    (Specify)

    2-FMLA Interference and FMLA Retaliation

V.     **IS THIS CASE A CLASS ACTION LAWSUIT?**
        ☐  Yes
        ☒  No

VI.     **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
        ☒  No
        ☐  Yes – If "yes" list all related cases by name, case number and court:

VII.     **IS JURY TRIAL DEMANDED IN COMPLAINT?**
        ☒  Yes
        ☐  No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature s/ Matthew K. Fenton      FL Bar No.: 2089
    Attorney or party                           (Bar number, if attorney)

    Matthew K. Fenton     08/22/2016
    (Type or print name)                            Date

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT,
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

Barbara Hernandez
Plaintiff(s)
vs

NSN Revenue Resources LLC
Defendant(s)

Case No.: 16-CA-007902

Division F ✗ DATE: 29 Aug 16
TIME: 10:00AM
Robert King
CPS-02-587302

**SUMMONS**

THE STATE OF FLORIDA:
To Each Sheriff of the State:
    **YOU ARE COMMANDED** to serve this summons and a copy of the complaint or petition in this action on defendant(s)

NSN Revenue Resources LLC
c/o Registered Agent: Rebecca Geise
4511 North Himes Avenue, Suite 100
Tampa FL 33614

    Each defendant is required to serve written defenses to the complaint or petition on MATTHEW K FENTON, plaintiff's attorney, whose address is **WENZEL FENTON & CABASSA PA 1110 NORTH FLORIDA AVE SUITE 300 TAMPA FL 33602** within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.
**DATED** on August 22, 2016.
Attorney: MATTHEW K FENTON
Attorney For: Barbara Hernandez
Address: WENZEL FENTON & CABASSA PA
1110 NORTH FLORIDA AVE
SUITE 300
TAMPA FL 33602

Florida Bar No: 2089

**PAT FRANK**
As Clerk of the Court

Dana Caranante

Dana Caranante, Deputy Clerk

Prepared By: Lisa Mangual, Deputy Clerk
P.O. Box 989              800 E Twiggs St
Tampa, FL 33601         Room 101
                                  Tampa FL 33602
(813)276-8100 extension 4365

[1] Except when suit is brought pursuant to section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days. When suit is brought pursuant to section 768.28, Florida Statutes, the time to be inserted is 30 days.
**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Hillsborough County Courthouse, 800 E. Twiggs St., Room 604, Tampa, Florida 33602, (813) 272-7040, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

Florida Rules of Civil Procedure Form 1.902(a). Summons (06/10)

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named in the documents.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Filing # 45506280 E-Filed 08/22/2016 01:33:42 PM

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

BARBARA HERNANDEZ,

     Plaintiff,                 Case No.:
                                   Division:

v.

NSN REVENUE RESOURCES, LLC,

     Defendant.

_____/

NOTICE OF DESIGNATION OF E-MAIL
**ADDRESSES FOR SERVICE OF COURT DOCUMENTS**

     Plaintiff, **BARBARA HERNANDEZ**, by and through the undersigned counsel, files this Notice of Designation of E-Mail Addresses for Service of Court Documents under Florida Rule of Judicial Administration 2.516(b)(1)(A), and hereby designates the following e-mail addresses to be used for service of all court filings in this action: mfenton@wfclaw.com and tsoriano@wfclaw.com.

     Dated this 22nd day of August, 2016.

                                 Respectfully submitted,

                                   /s/ Matthew K. Fenton

                                   MATTHEW K. FENTON
                                   Florida Bar Number: 0002089
                                   WENZEL FENTON CABASSA, P.A.
                                   1110 North Florida Avenue
                                   Suite 300
                                   Tampa, Florida 33602
                                   Direct Dial: 813-223-6413
                                   Main Number: 813-224-0431
                                   Facsimile: 813-229-8712
                                   E-Mail: mfenton@wfclaw.com
                                   E-Mail: tsoriano@wfclaw.com
                                   **Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished to the

Defendant on the date the complaint was served.

_____
MATTHEW K. FENTON

## RETURN OF SERVICE

State of Florida                County of Hillsborough                Circuit Court

Case Number: 16-CA-007902



MSI2016006658

Plaintiff:
**BARBARA HERNANDEZ**

vs.

Defendant:
**NSN REVENUE RESOURCES, LLC**

For:
Matthew Fenton
Wenzel, Fenton & Cabassa
1110 North Florida Avenue
Suite 300
Tampa, FL 33602

Received by MercuryServe, Inc. on the 24th day of August, 2016 at 12:00 pm to be served on **NSN Revenue Resources LLC c/o Registered Agent: Rebecca Geise, 4511 North Himes Avenue, Suite 100, Tampa, FL 33614.**

I, Robert King, do hereby affirm that on the **29th day of August, 2016 at 10:00 am, I:**

Served the within named corporation by delivering a true copy of the **Summons and Complaint And Demand For Jury Trial, Cover Letter dated 8/24/16, with Obligations, Notice of Designation of E-Mail Addresses For Service of Court Documents, Civil Cover Sheet, Plaintiff's Notice of Taking Corporate Representative Deposition, Plaintiff's First Request For Production of Documents to Defendant, and Plaintiff's Notice of Service of First Set of Interrogatories to Defendant** with the date and hour of service endorsed thereon by me to Jennifer Howe as Director of Operations who is designated to accept service for the within named corporation, and informing said person of the contents thereof, in compliance with State Statutes.

**Description** of Person Served: Age: 36, Sex: F, Race/Skin Color: 5'6", Height: 130, Weight: 130, Hair: Light Brown, Glasses: N

I certify that I am over the age of 18 and have no interest in the above action. Pursuant to Florida Statute 92.525, and under penalties of perjury, I declare that I have read the foregoing Return of Service, and that the facts stated in it are true.

Robert King
CPS - 02-587302

**MercuryServe, Inc.**
**412 E Madison Street**
**Suite 1120**
**Tampa, FL 33602**
**(813) 223-5400**

Our Job Serial Number: MSI-2016006658

Copyright © 1992-2016 Database Services, Inc. - Process Server's Toolbox V7.1e

Filing # 45506280 E-Filed 08/22/2016 01:33:42 PM

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

BARBARA HERNANDEZ,

     Plaintiff,             Case No.:
                              Division:
v.

NSN REVENUE RESOURCES, LLC,

     Defendant.

_____/

PLAINTIFF'S NOTICE OF TAKING
CORPORATE REPRESENTATIVE DEPOSITION

PLEASE TAKE NOTICE that Counsel for Plaintiff will take the deposition of the Corporate Representative(s) of Defendant, NSN REVENUE RESOURCES, LLC, on the date, time, and location stated below, such deposition to continue from day to day until completed:

| NAME | DATE/TIME | LOCATION |
|---|---|---|
| CORPORATE REPRESENTATIVE TO BE DESIGNATED BY DEFENDANT | [TBD] | [TBD] |

Before a court reporter, notary public, or duly assigned representative, who is not of counsel to the parties or interested in the events of this cause.

Defendant is required to designate one or more corporate representatives or individuals to testify about information known or reasonably available to Defendant on the following subjects:

    1.    The job duties and job description of Plaintiff.

    2.    The process used by Defendant to collect documents for production to Plaintiff in response to Plaintiff's Requests for Production of documents, including but not limited to searches and production from Defendant's electronic mail system.

    3.    Plaintiff's job performance.

4.    Plaintiff's dates of employment, job titles, and job duties.

5.    Any written or oral reprimand, warning, or caution given to, or concerning Plaintiff during Plaintiff's employment with Defendant.

6.    The factual basis for all defenses raised by Defendant in this matter.

7.    Any contention by Defendant that Plaintiff's job performance was unsatisfactory.

8.    Defendant's policies and procedures regarding employee discipline.

9.    Defendant's policies and procedures regarding requests for leave, including FMLA leave, medical leave, short-term disability leave, vacation and holiday leave.

10.    Defendant's policies and procedures regarding light duty work assignments.

11.    Any claims brought against Defendant under the FMLA and filed in the last three years by employees who work or worked at the same location where Plaintiff worked for Defendant.

12.    Any communications between Defendant and any person identified to Defendant as a medical provider whom Plaintiff had consulted to obtain medical care, exchanged within twelve months of the date on which Plaintiff's employment was terminated.

13.    Any submissions made by Defendant to any governmental agency in relation to Plaintiff's employment with Defendant.

14.    All applicable insurance coverage.

15.    Confirmation and details relating to any response provided by Defendant to Plaintiff's First Set of Interrogatories.

16.    Any documents produced in response to Plaintiff's First Request for Production of Documents.

17.    Defendant's records regarding Plaintiff's work performance, including e-mails or telephone messages.

18.    Defendant's rationale for terminating Plaintiff's employment.

19.    The identity of all persons who participated in the decision to terminate Plaintiff's employment, including the input given by each person.

20.    The identity of all persons who worked at the same facility where Plaintiff was employed between 2013 and the present, and whose employment was terminated by Defendant after requesting FMLA leave, including the reasons given for each termination.

2

21.    Any requests for leave made by Plaintiff during the course of Plaintiff's employment with Defendant.

22.    All statements made to Plaintiff by Defendant, when Plaintiff was informed that her employment had been terminated.

23.    The training and qualifications of Plaintiff's supervisors, with respect to the FMLA.

24.    All lawsuits, charges, or complaints brought against Defendant for alleged violations of the Family Medical Leave Act of 1993, as amended ("FMLA," 42 U.S.C. § 2601 *et seq.*) within the past three years.

Upon oral examination pursuant to the Federal Rules of Civil Procedure, before a court reporter or any other notary public or officer authorized by law to take depositions. Said deposition(s) will be taken for the purposes permitted by the rules governing the conduct of the case.

Dated this ____ day of August, 2016.

Respectfully submitted,

**MATTHEW K. FENTON**
Florida Bar Number: 0002089
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue
Suite 300
Tampa, Florida 33602
Direct Dial: 813-223-6413
Main Number: 813-224-0431
Facsimile: 813-229-8712
E-Mail: mfenton@wfclaw.com
E-Mail: tsoriano@wfclaw.com
**Attorneys for Plaintiff**

3

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished to the

Defendant on the date the complaint was served.

_____
MATTHEW K. FENTON

Filing # 45506280 E-Filed 08/22/2016 01:33:42 PM

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

BARBARA HERNANDEZ,

     Plaintiff,               Case No.:
                               Division:
v.

NSN REVENUE RESOURCES, LLC,

     Defendant.
_____/

## PLAINTIFF'S NOTICE OF SERVICE OF
## FIRST SET OF INTERROGATORIES TO DEFENDANT

Plaintiff, BARBARA HERNANDEZ, propounds the following Interrogatories to

Defendant, NSN REVENUE RESOURCES, LLC, to be answered in writing, under oath and in

accordance with the Florida Rules of Civil Procedure.

Dated this ____ day of August, 2016.

Respectfully submitted,

MATTHEW K. FENTON
Florida Bar Number: 0002089
WENZEL FENTON CABASSA, P.A.
1110 North Florida Avenue
Suite 300
Tampa, Florida 33602
Direct Dial: 813-223-6413
Main Number: 813-224-0431
Facsimile: 813-229-8712
E-Mail: mfenton@wfclaw.com
E-Mail: tsoriano@wfclaw.com
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished to the

Defendant on the date the complaint was served.

_____

MATTHEW K. FENTON

2

Filing # 45506280 E-Filed 08/22/2016 01:33:42 PM

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

BARBARA HERNANDEZ,

       Plaintiff,               Case No.:
                                 Division:

v,

NSN REVENUE RESOURCES, LLC,

       Defendant.

_____/

PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT

Plaintiff, BARBARA HERNANDEZ (hereinafter "Plaintiff"), by and through undersigned counsel and in accordance with the Florida Rules of Civil Procedure, hereby requests that Defendant, NSN REVENUE RESOURCES, LLC (hereinafter "Defendant"), diligently and carefully search for, inquire after, and produce for inspection and copying the documents identified below, regardless of their origin:

## I. INSTRUCTIONS

     1.    Defendant shall produce these documents within **forty-five (45) days** after service of this request.

     2.    In accordance with the Florida Rules of Civil Procedure, Defendant is hereby instructed to produce documents as they are kept in the ordinary course of business, or to organize and label documents so that they correspond with the categories in this request. In addition, all documents are to be produced in full and unexpurgated form. Redacted documents will not be deemed to comply with this request.

     3.    If any document described in this request was, but no longer is, in Defendant's possession, custody, or control, please state whether the document:

          (a)    is missing or lost;
          (b)    has been destroyed;
          (c)    has been transferred, voluntarily or involuntarily, to others; or
          (d)    has otherwise been disposed of.

In each instance, please explain the circumstances surrounding the document's disposition, identify the person or persons authorizing the disposition, and list the date on which the document was so disposed. Please identify each document by listing the following information: Name and address of the author of the document; the nature or type of document (e.g., letter, memorandum, chart, photograph, report, etc.); date on which the document was created; subject matter of the document; present location(s) of the document; custodian (s); and whether the document (or a copy) is still in existence.

4.   If any requested document is believed to be privileged, or for some other reason may not be subject to production, please provide the following information:

    (a)    The nature or type of document (e.g., letter, memorandum, chart, photograph, report, etc.);

    (b)    Its date of creation;

    (c)    The name and address of its author; or,

    (d)    The identity of each recipient and addressee of the original document;

    (e)    The identity of all other persons who received copies of the document;

    (f)    The subject matter of the document; and

    (g)    The reason(s) for non-production, including all legal grounds.

5.   This request for production is a continuing one.  Supplementation of responses to this request shall be made in accordance with the Florida Rules of Civil Procedure.

## II. DEFINITIONS

Whenever used in this request, the following definitions shall apply:

1.   *"Plaintiff"* means BARBARA HERNANDEZ and all of her agents, representatives, attorneys, consultants, experts, and all other persons acting or purporting to act for or on behalf of her, regardless of whether they are authorized to do so.

2.   *"Defendant"* or *"You"* and *"your"* shall mean or refer to NSN REVENUE RESOURCES, LLC, and all of its agents, representatives, attorneys, consultants, experts, and all other persons acting or purporting to act for or on behalf of it.

3.   If this request is directed to a natural person, then "Defendant" shall refer to the natural person named in the request.

4.   The term *"document"* is used in the broadest sense that the Florida Rules of Civil Procedure permit.  Specifically, *"document"* includes, but is not limited to, all writings of any nature or type whatsoever, whether they contain written or graphic material, which are within the possession, custody, or control of the Defendant, or of any agent, employee, or representative (including, without limitation, attorneys, advisors, physicians, consultants, and accountants) or other person acting or purporting to act for or on behalf of Defendant, or in concert with them, including, but not limited to: Letters, tape recordings, notes, affidavits, contracts, agreements, communications, correspondence, telegrams, telexes, cables, memoranda, records, reports,

2

books, notebooks, summaries or records of telephone conversations, shipping documents, personal conversations or interviews, diaries, calendars, forecasts, statistical statements, work papers, drafts, copies, graphs, charts, slides, demonstrative or visual aids, accounts, analytical records, minutes or records, appraisals, records, checks, check stubs, employment materials, expense accounts, receipts, reports or summaries of negotiations, brochures, lists, journals, and advertisements.

The term *"document"* also includes electronically recorded information, such as electronic mail ("email"), html files, databases, data processing tapes and cards, computerized data, computer diskettes, or information otherwise contained on a computer's hard drive, disks or backup tapes, video tapes, audio tapes, view-graphs, any information maintained on digital, electronic, magnetic or other media, and any other summary, schedule, memorandum, note, statement, letter, telegram, interoffice communication, report, diary, worksheet, list, graph, chart, index, tape recording, partial or complete report of telephone or oral conversation, transcript or minutes, compilation, tabulation, study, analysis, or other such writing or recording. Electronically recorded information shall also be produced in native format and any metadata shall be included.

*"Documents"* shall also include copies of documents (including but not limited to carbon, handwritten, typewritten, microfilmed, photostatic or Xerox copies), including non-identical copies, regardless of whether they differ from the original because of any alteration, notes, comments, or other material contained therein or attached thereto, or for another reason.

For the purpose of the foregoing, *"draft"* means any earlier, preliminary, preparatory, or tentative version of all or part of a document, regardless of whether such draft was superseded by a later draft, or the terms of the draft differ from those of the final document. The term *"copies"* means all copies of a document, including those copies that are not identical in every respect to the documents being produced.

The terms *"document"* and *"documents"* also include any originals, all file copies, all other copies, no matter how prepared, and all drafts prepared in connection with such documents, whether or not used, as well as the folder in which the documents are maintained. A draft or non-identical copy of a document, including a copy or duplicate of a document which has any nonconforming notes, marginal annotations or other markings, and any preliminary version, draft or revision of the foregoing, is a separate document within the meaning of these terms.

5.    *"Metadata"* means the data found within documents. It includes all electronically stored information that describes or defines the document that is not generally visible in the ordinary electronic display or printing of the document. Common examples include comments, markups, revisions, the author's name, the owner's name, the names of those who have edited the document, creation dates, edit dates, and other information including, but not limited to, records of past versions and drafts.

3

6.     "*Native format*," as it relates to the production of electronic data, means the file format in which the document is ordinarily read and written by its related software application. For example, a Microsoft Word 2003 document has a native format of .doc while an Adobe Acrobat document has a native format of .pdf.

7.     "*Relating to*" means regarding, supporting, tending to support, refuting, tending to refute, or concerning (including, mentioning, stating, discussing, summarizing, describing, reflecting, containing, referring to, depicting, connected with, embodying, evidencing, constituting, comprising, reporting, pertaining to, or having any connection with or bearing upon), directly or indirectly, the matter in question.

8.     "*And/or*" shall be construed conjunctively and disjunctively, so as to demand and elicit the broadest possible response to a particular inquiry.

9.     "*Complaint*" means the original complaint that was filed in this action, as amended through the date of this request.

## III. MANNER OF COMPLIANCE WITH RULES

In accordance with the Florida Rules of Civil Procedure, Plaintiff hereby designates a reasonable time, place, and manner for Defendant to make the requested documents available for inspection:

**Due Date:**     **Forty-five (45) days** after service of this request.

**Place:**     The Offices of Wenzel Fenton Cabassa, P.A., 1110 North Florida Avenue, Suite 300, Tampa, Florida 33602, or any other place that the Parties can mutually agree upon.

**Inspection:**     Originals, drafts, and non-identical copies of all the requested documents shall be produced for inspection by Defendant's counsel at the time and place specified above. In the alternative, Defendant may provide true and accurate copies of all requested items via United States Mail.

4

## IV. DOCUMENTS TO BE PRODUCED

1.      Please produce all documents identified in your answers to Plaintiff's Interrogatories.

2.      Please produce all documents relied upon as a basis for responding to Plaintiff's Interrogatories.

3.      Please produce all documents supporting in any manner whatsoever the defenses and affirmative defenses raised in your Answer to the Complaint.

4.      Please produce all documents which support your denial of any of the allegations in the Complaint.

5.      Please produce all documents relating to the terms and conditions of Plaintiff's employment with Defendant, including all company policies, personnel manual(s), employee handbook(s), and any employment agreement entered into by Plaintiff and Defendant.

6.      Please produce Plaintiff's entire personnel file, including all documents and writings that were used to determine Plaintiff's qualifications for employment, transfers, salary, raises, pension eligibility, termination, or any other disciplinary action.

7.      Please produce all documents that memorialize and/or record Plaintiff's employment and work performance.

8.      With respect to any lawsuit filed against Defendant after 2013 relating to violations of the Family Medical Leave Act, please produce all pleadings, all answers to interrogatories, all responses to requests for admissions, all settlement documents, releases, waivers, and confidentiality agreements.

9.      Please produce any employment agreements, correspondence, and documents pertaining to any person, corporation, or entity retained by Defendant to act as an expert witness, advisor, or consultant in the above-styled case.

10.     Please produce a list of qualifications and a current resume for each expert witness, advisor, or consultant retained by Defendant in the above-styled case.

11.     Please produce all documents pertaining to any requests for leave, specifically medical condition, disability, or personal leave, made during the twelve months preceding Plaintiff's request for leave, by any person employed by Defendant at the same facility where Plaintiff worked.  Include all documents pertaining to Defendant's denial of any such leave request and the reasons offered by Defendant to support each denial.

12.     Please produce all documents describing, summarizing, or referring to any communications between Defendant and any person identified by Plaintiff as a medical provider consulted by Plaintiff through documentation provided to Defendant.

5

13.     Please produce any and all complaints relating to Plaintiff's work performance, as well as any warning notices issued to Plaintiff by Defendant in response to such complaints.

14.     Please produce any and all documents, letters, and memoranda describing, summarizing, or referring to any conversations between Plaintiff and any past or present employee, officer, or director of Defendant, pertaining either to Plaintiff's job performance or to any of Plaintiff's allegations in the instant proceeding.

15.     Please produce all documents that reference, in any manner whatsoever, the reasons that Plaintiff's employment was terminated on or around April 2016.

16.     Please produce all documents relating to Plaintiff's eligibility for FMLA leave, and any requests for leave made by Plaintiff while employed by Defendant.

17.     Please produce all personnel files for Plaintiff's supervisors and/or decision makers in this case.

18.     Please produce any and all job descriptions, specifications, or other documents that describe or otherwise relate to the functions and/or job duties performed by Plaintiff during the course of Plaintiff's employment with Defendant.

19.     Please produce Defendant's code of ethics and related policies that were in force during Plaintiff's employment.

20.     Please provide all documents memorializing Defendant's policies and procedures regarding FMLA leave, vacation leave, short term disability leave, and tardiness/absenteeism.

21.     Please provide all documents memorializing Defendant's policies and procedures regarding light work duty assignments.

22.     Please produce any and all medical certifications or doctor's notes provided by Plaintiff to Defendant during Plaintiff's employment with Defendant.

23.     Please provide all documentation provided to Defendant's managers and supervisors at Defendant's facility in Hillsborough, describing the factors to be considered in evaluating leave requests and employee performance, including but not limited to job descriptions, evaluation forms and guidance for completing these forms, and evaluation criteria for managers and supervisors to use.

24.     Please produce all phone records for any cell phone(s) issued by Defendant to Plaintiff during the course of Plaintiff's employment with Defendant.

25.     Please produce all text messages, relating to the allegations or defenses in this case, exchanged by Plaintiff and Plaintiff's supervisor or co-worker(s) during the period in which Plaintiff was employed by Defendant.

26.     Please produce all e-mails, relating to the allegations or defenses in this case, exchanged by Plaintiff and Plaintiff's supervisor or co-worker(s) during the period in which Plaintiff was employed by Defendant.

27.     Please produce any and all documents submitted to any local, state, or federal governmental administrative agency in relation to Plaintiff's employment with Defendant.

28.     Please produce Defendant's financial statements, bank statements, and income tax returns from 2013 until the present.

29.     Please produce Defendant's balance statement and income statement for each year beginning with fiscal year 2013 until the present.

30.     Please produce all documents relating to Plaintiff's medical condition(s), if any, and requests for accommodations made by Plaintiff during Plaintiff's employment with Defendant.

31.     Please produce any and all documents regarding any requests for leave made by Plaintiff during Plaintiff's employment with Defendant, including leave for a medical condition or injury, FMLA leave, sick leave, and any other vacation or holiday leave.

32.     Please produce all records that document any efforts made by Defendant to inquire into Plaintiff's background, including but not limited to financial records, criminal history, employment records, and litigation records.

33.     Please produce any and all correspondence exchanged between Plaintiff and Defendant during Plaintiff's leave of absence.

34.     Please produce all applicable insurance policies.

Dated this _____ day of August, 2016.

Respectfully submitted,

MATTHEW K. FENTON
Florida Bar Number: 0002089
WENZEL FENTON CABASSA, P.A.
1110 North Florida Avenue
Suite 300
Tampa, Florida 33602
Direct Dial: 813-223-6413
Main Number: 813-224-0431
Facsimile: 813-229-8712
E-Mail: mfenton@wfclaw.com
E-Mail: tsoriano@wfclaw.com
**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished to the

Defendant on the date the complaint was served.

MATTHEW K. FENTON

8

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

BARBARA HERNANDEZ,

      Plaintiff,

v.                             CASE NO.: 16-CA-007902
                                    Div. F

NSN REVENUE RESOURCES,
LLC,

      Defendant.

_____/

## NOTICE OF APPEARANCE AND DESIGNATION OF E-MAIL ADDRESSES

Brian D. Rubenstein, Esq. and Erin L. Centrone, Esq. of COLE, SCOTT & KISSANE, P.A. hereby give notice of their appearance on behalf of Defendant, NSN REVENUE RESOURCES, LLC, and pursuant to Fla. R. Civ. P. 1.080 and in conformity with Fla. R. Jud. Admin. 2.516(b)(1)(A), hereby designates the following primary and secondary e-mail addresses for e-mail service in the above-referenced case:

      Primary e-mail:     Brian.Rubenstein@csklegal.com

      Secondary e-mail:  erin.centrone@csklegal.com

      Alternate e-mail:   patricia.toney@csklegal.com

CASE NO.: 16-CA-007902
Div. F

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 22nd day of September, 2016, a true and correct copy

of the foregoing was filed with the Clerk of Hillsborough County by using the Florida

Courts e-Filing Portal, which will send an automatic e-mail message to the following

parties registered with the e-Filing Portal system:   Matthew K. Fenton, Esq., Wenzel,

Fenton & Cabassa, P.A., 1110 North Florida Avenue, Suite 300, Tampa, FL 33602,

mfenton@wfclaw.com; tsoriano@wfclaw.com.

> COLE, SCOTT & KISSANE, P.A.
> *Counsel for Defendant NSN REVENUE*
> *RESOURCES, LLC,*
> 4301 West Boy Scout Boulevard
> Suite 400
> Tampa, Florida 33607
> Telephone (813) 864-2398
> Facsimile (813) 286-2900
> Primary e-mail: brian.rubenstein@csklegal.com
> Secondary e-mail: erin.centrone@csklegal.com
> Alternate e-mail:  patricia.toney@csklegal.com

> By:   /s/Brian D. Rubenstein
> BRIAN D. RUBENSTEIN
> Florida Bar No.:  016997
> ERIN L. CENTRONE
> Florida Bar No.:  100189

1917.0577-00

IN THE CIRCUIT COURT OF THE
THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY,
FLORIDA
CIVIL DIVISION

BARBARA HERNANDEZ,                      CASE NO.: 16-CA-007902
                                        Div. F
     Plaintiff,

v.

NSN REVENUE RESOURCES, LLC,

     Defendant.

_____/

## NOTICE OF FILING DEFENDANTS' NOTICE OF REMOVAL

Defendant, NSN REVENUE RESOURCES, LLC, by and through undersigned counsel, hereby give Notice of Filing Notice of Removal in the United States District Court, Middle District of Florida, Tampa Division.   A copy of Defendant's Notice of Removal is attached hereto.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of September, 2016, a true and correct copy of the foregoing was filed with the Clerk of Hillsborough County by using the Florida Courts e-Filing Portal, which will send an automatic e-mail message to the following parties registered with the e-Filing Portal system:  Matthew K. Fenton, Esq., 1110 N. Florida Avenue, Suite 300, Tampa, FL 33602, mfenton@wfclaw.com; tsoriano@wfclaw.com.

CASE NO.: 16-CA-007902
Div. F

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant NSN REVENUE
RESOURCES, LLC.*
4301 West Boy Scout Boulevard
Suite 400
Tampa, Florida 33607
Telephone (813) 864-2398
Facsimile (813) 286-2900
Primary e-mail: brian.rubenstein@csklegal.com
Primary e-mail: erin.centrone@csklegal.com
Secondary e-mail: patricia.toney@csklegal.com

By:   s/ Brian D. Rubenstein
    BRIAN D. RUBENSTEIN
    Florida Bar No.:  16997
    ERIN L. CENTRONE
    Florida Bar No.:  100189

1917.0577-00/3835451

2
**COLE, SCOTT & KISSANE, P.A.**
4301 WEST BOY SCOUT BOULEVARD · SUITE 400 · TAMPA, FLORIDA 33607 · (813) 289-9300 · (813) 286-2900 FAX

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BARBARA HERNANDEZ,                        CASE NO.:

      Plaintiff,

v.

NSN REVENUE RESOURCES, LLC,

      Defendant
_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, NSN REVENUE RESOURCES, LLC ("Defendant"), by and through undersigned counsel, request removal of Plaintiff's Complaint to federal court pursuant to 28 U.S.C. §1331, and states as follows:

1.    On August 22, 2016, BARBARA HERNANDEZ ("Plaintiff") filed a two count Complaint in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida wherein she alleged that Defendant violated the Family Medical Leave Act ("FMLA").

2.    On August 29, 2016, Plaintiff served Defendant with a copy of the Complaint.

## JURISDICTION

3.    This Court has jurisdiction over Plaintiff's claim under the FMLA pursuant to 28 U.S.C. §1331.

4.    Defendant's Notice of Removal is filed within thirty (30) days after Defendant was served with the Complaint on August 29, 2016, as required by 28

U.S.C. §1446(b).

5.    Venue is proper in the Middle District of Florida because the case is being removed from the Circuit Court in Hillsborough County, Florida. *See* 28 U.S.C. §1446(a).

6.    Defendant provided Plaintiff and the Clerk of the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida with written notice of the filing of this Notice of Removal.

WHEREFORE, Defendant respectfully requests that this case be removed from the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, and docketed in the United States District Court, Middle District of Florida, Tampa Division.

By:    */s/ Brian Rubenstein*          Date: September 22, 2016
       BRIAN D. RUBENSTEIN
       FBN: 0016997
       ERIN L. CENTRONE
       FBN: 100189
       Counsel for Defendant
       Cole, Scott, & Kissane, P.A.
       4301 W. Boy Scout Blvd.
       Ste. 400
       Tampa, Florida 33607
       Primary E-mail: brian.rubenstein@csklegal.com
       Primary E-mail: erin.centrone@csklegal.com
       Secondary E-mail: patricia.toney@csklegal.com
       Telephone:   (813) 289-9300
       Facsimile:   (813) 286-2900